UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JAMES WISE, # 250411, | ) | C/A No. 4:10-0012-MBS-TER |
| | ) | |
| Petitioner, | ) | |
| vs | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| WARDEN PADULA, | ) | |
| | ) | |
| Respondent. | ) | |

I.     INTRODUCTION

Petitioner, James Wise, (Petitioner/Wise) is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing pro se, filed his Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 7, 2010. In his Petition, Wise alleges violations of the Fourth and Fourteenth Amendments through the violation of the South Carolina Department of Corrections' procedure on inmate drug testing and his resulting disciplinary conviction for the use and/or possession of narcotics. Respondent filed a Motion for Summary Judgment (Document # 15) on May 13, 2010. The undersigned issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the Motion for Summary Judgment and the possible consequences if he failed to file a Response. Petitioner did not file a Response to the Motion for Summary Judgment. However, he filed his own Motion for Summary Judgment (Document # 20), to which Respondent filed a Response (Document # 21).

This habeas corpus case was automatically referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because these are dispositive motions, this report and recommendation is entered for review by the district judge.

## II.    FACTS AND FACTUAL ALLEGATIONS

Wise is currently serving a life sentence for first degree burglary. As part of the South Carolina Department of Corrections' ("SCDC") security process, SCDC policy provides for random drug testing of inmates. Bowie Aff.; SCDC Policy GA-03.03. All inmate specimens are screened for marijuana and cocaine at a minimum. Id. The testing is administered by Drug Testing Officers ("DTOs"). Id. SCDC's policy provides that institutional staff are involved in the testing as all inmate drug tests must be performed under employee observation. Id. When an inmate tests positive, institutional staff must complete an Incident Report. Id.; Simon Aff.; Incident Report. The inmate is then charged with Use or Possession of Narcotics, Marijuana, or Unauthorized Drugs and has a disciplinary hearing. BowieAff.; SCDC Policy GA-03.03.

On November 24, 2008, while Wise was incarcerated at Lee Correctional Institution, the SCDC administered a random drug test in which Wise was required to submit a urine sample. Simon Aff.; Incident Report; SCDC Specified Inmate Drug Testing Form. Initially, Wise's test result was negative. Id. However, due to the consistency of Wise's sample, a confirmation test was ordered. Id. The confirmation test revealed a positive result for marijuana. Id. Based on the conflicting test results, Wise's sample was sent to an independent laboratory for further testing. Id. On December 4, 2008, this positive test was confirmed by the external test at Kroll Laboratory Specialists, Inc. Id.; Results of Controlled Substance Test. Therefore, Wise was charged with trafficking and/or possession of narcotics. Id.; Incident Report. On December 17, 2008, a disciplinary hearing was held and Wise was convicted as charged. Coleman Aff. The sanctions imposed included loss of three hundred sixty (360) days of telephone privileges, three hundred sixty (360) days of canteen privileges, three hundred sixty (360) days of visitation privileges and six hundred (600) days of disciplinary detention. Id. The disciplinary hearing officer noted that this was Wise's twelfth (12th)

conviction for this charge. Id.

On December 29, 2008, Davis filed a Step 1 grievance appealing his disciplinary conviction. Id. The responsible official noted there was not substantial compliance with institutional procedures and recommended overturning the conviction and rehearing the charges. Id. On January 15, 2009, the warden overturned Wise's conviction based on a technical/procedural error and requested a rehearing of the charges. Id. Therefore, Wise's grievance was upheld in part and denied in part. Id. Wise did not accept the warden's decision and on January 21, 2009, filed a Step 2 grievance appealing that decision. Id. On January 28, 2009, a second disciplinary hearing was held and Wise was again convicted as charged. Id. Upon review of the Step 2 grievance, the responsible official noted that Wise's case was reheard on January 28, 2009, and found no evidence to support Wise's claims. Id. Therefore, Wise's grievance was denied. Id.

Wise then filed an appeal with the Administrative Law Court. By Order filed June 11, 2009, Administrative Law Judge John D. McLeod summarily dismissed Wise's appeal on the grounds that there was no state created liberty interest implicated in Wise's appeal. Id. Wise appealed the decision to the South Carolina Court of Appeals. Id. The Court of Appeals dismissed Wise's appeal based on his failure to pay the $100 filing fee. Id.

### III. GROUNDS FOR RELIEF

In Ground One, Petitioner asserts that the drug tests leading to his conviction were given in violation of prison policy. He asserts that the drug tests were given in violation of the Fourth Amendment and so the disciplinary hearing was conducted in violation of the Fourteenth Amendment.

In Ground Two, Petitioner asserts that the Incident Report (or notice of charge) was insufficient to enable him to understand the facts and prepare a defense. He asserts that the report

failed to indicate the type of drugs for which he was being tested and the type of confirmation test that was being conducted. He asserts that the failure to disclose such information prevented him from producing evidence to challenge the validity of the lab results.

### IV.    SUMMARY JUDGMENT STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324. Rather, the party must present

evidence supporting his or her position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A); see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## V.     PROCEDURAL BAR

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

### A.     Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C.§ 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)     (1)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is either an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.

>   (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
>   (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.

The United States Supreme Court has consistently enforced the exhaustion requirement:

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

A district court cannot hear a prisoner's challenge of a disciplinary conviction and sentence until state remedies have been fully exhausted. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 910-911 (4th Cir.1997).

The South Carolina Supreme Court has outlined the procedure a state prisoner must follow to obtain a review of a SCDC decision in non-collateral or administrative matters. Al-Shabazz v.

State, 338 S.C. 354, 376, 527 S.E.2d 742, 749 (2000). Administrative matters include disciplinary outcomes, calculation of sentence-related credits, custody status and other conditions of imprisonment. Id. at 749-50. According to this procedure, the inmate must first file a grievance, which gives the inmate "a method to raise the matter to prison officials and create a reviewable record." Id. at 753. Once SCDC makes its final decision, the inmate has the right, in certain cases, to appeal to the State Administrative Law Judge Division. Id. at 754. The Administrative Law Judge Division has jurisdiction over all inmate grievance appeals that have been properly filed. Slezak v. SCDC, 361 S.C. 327, 605 S.E.2d 506, 507 (2004). Pursuant to the South Carolina Administrative Procedures Act ("APA") and the South Carolina Appellate Court Rules, an inmate who is dissatisfied with the decision of the Administrative Law Court ("ALC") may seek judicial review from the South Carolina Court of Appeals. S.C. Code Ann. § 1-23-610; Rule 242, SCACR. The Supreme Court has also determined that an inmate's grievance is considered exhausted after obtaining an adverse decision from the court of appeals. State v. McKennedy, 348 S.C. 270, 276, 559 S.E.2d 850 (2002).

### B.     Procedural Bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion.

If the state courts have applied a procedural bar to a claim because of an earlier default in

the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith, 477 U.S. at 533 (quoting Wainwright v. Syke s, 433 U.S. at 84 (1977)); see also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

### C.     Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court.  A federal court is barred from considering the  filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert.denied, 118 S.Ct. 102 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Teague v. Lane, 489 U.S. 288,297-98 (1989); and

George v. Angelone, 100 F.3d 353,363 (4th Cir. 1996).

### D. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988).

Absent a showing of "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).

In the case of Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied 517 U.S.1171 (1996), 116 S.Ct. 1575 (1996), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. See Karsten v.

-9-

Kaiser Foundation Health Plan, 36 F.3d 8, 11 (4th Cir. 1993). Once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

## VI. DISCUSSION

In the present case, Respondent argues that Petitioner is procedurally barred from bringing his habeas petition in this court. Petitioner properly filed Step One and Step Two Grievances with the SCDC. He then filed an appeal with the Administrative Law Court. By Order filed June 11, 2009, Administrative Law Judge John D. McLeod summarily dismissed Petitioner's appeal on the grounds that there was no state created liberty interest implicated in the appeal. Petitioner appealed the decision to the South Carolina Court of Appeals. The Court of Appeals dismissed Petitioner's appeal by Order dated August 24, 2009, based on his failure to pay the $100 filing fee. On September 10, 2009, the Court of Appeals issued the Remittitur, noting that no Petition for Reinstatement had been filed. Although Petitioner has technically exhausted his state remedies, because the dismissal from the Court of Appeals resulted from Petitioner's failure to follow a procedural rule and the Court of Appeals did not reach the merits of Petitioner's appeal, he is procedurally barred from raising those claims in this court. See Yawn v. Eagleton, No. 09-1221-PMD-TER, 2009 WL 3571364, *3 (D.S.C. October 26, 2009) (finding the petition subject to dismissal where the court of appeals dismissed his case because he did not pay the filing fee).

Petitioner attempts to show cause for his procedural default by arguing that his financial circumstances prevented him from paying the required filing fee in the Court of Appeals. Petitioner attaches to his Motion for Summary Judgment a copy of his request to the Court of Appeals that the filing fee be waived. Petitioner argues that this is an external factor which hindered compliance with the state procedural rule. Even if this court were to find Petitioner has shown sufficient cause for his default, he must also show actual prejudice before the default will be excused. Here, Petitioner

-10-

argues that he was prejudiced because he was never afforded a "full and fair hearing" that allowed the facts to be developed and the factual dispute resolved. However, Petitioner fails to present sufficient facts to show that specific errors infected his hearing and were of constitutional dimensions. Thus, Petitioner fails to establish actual prejudice to excuse his default in the state courts. As such, Petitioner is procedurally barred from seeking habeas review in this court and dismissal is appropriate.

## VII. CONCLUSION

For the reasons set forth above, it is recommended that Respondent's Motion for Summary Judgment (Document # 15) be granted, Petitioner's Motion for Summary Judgment (Document # 20) be denied, and the Petition be dismissed.[1]

                                        s/Thomas E. Rogers, III
                                        Thomas E. Rogers, III
                                        United States Magistrate Judge

January 26, 2011
Florence, South Carolina

**The parties are directed to the important notice on the following page.**

---

[1] If the district judge accepts this recommendation, other pending motions will be moot.