IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Wise, #250411, )<br> ) C/A No. 4:10-0012-MBS<br>                    Petitioner, )<br> )<br> vs. )<br> )                    **O R D E R**<br>Warden Padula, )<br> )<br>                    Respondent. )<br>_____) | |

Petitioner James Wise is an inmate in custody of the South Carolina Department of Corrections (SCDC) who currently is housed at Lee Correctional Institution in Bishopville, South Carolina. Petitioner, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging violations of the Fourth and Fourteenth Amendments as the result of SCDC's inmate drug testing procedures and his resulting disciplinary conviction for the use and/or possession of narcotics.

This matter is before the court on motion for summary judgment filed by Respondent on May 13, 2010. On May 17, 2010, an order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedures and the possible consequences of failing to respond adequately. Petitioner filed no response in opposition to Respondent's motion. However, on June 23, 2010, Petitioner filed a motion for summary judgment. Respondent filed a memorandum in opposition to Petitioner's motion on July 12, 2010.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling. On January 27, 2011, the Magistrate Judge issued a Report and Recommendation in which he determined that Petitioner is procedurally barred from bringing the within § 2254 petition. Accordingly, the

Magistrate Judge recommended that Respondent's motion for summary judgment be granted and Petitioner's motion for summary judgment be denied. Petitioner filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. For the reasons stated hereinabove and in the Report and Recommendation, Respondent's motion for summary judgment (ECF No. 15) is **granted**. Petitioner's motion for summary judgment (ECF No. 20) is denied and the petition dismissed, with prejudice, as procedurally barred.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina
February 28, 2011.

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

3